**Charles James WIGGINGTON,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, TDC,
Respondent-Appellee.**

No. 73-2315.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

Robert G. Richardson, Staff Counsel, Harry W. Walsh, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

Robert C. Flowers, Thomas M. Pollan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

Appellant Wiggington was convicted in 1964 in Dallas County, Texas, State Court in No. E-6120-IJ of burglary and sentenced to life imprisonment, an enhanced penalty under Texas law imposed after proof of two prior convictions, one of which was a burglary conviction in Dallas County, Texas, on April 10, 1951 in No. 5403-B.

In this habeas corpus case the sole question for decision is whether Wigginton was represented by counsel at the time of the entry of his plea of guilty in No. 5403-B. If not, the basis for the enhanced penalty would fail.

Appellant has exhausted state court remedies and has been denied relief in the United States District Court below, from which he brings this appeal.

The Trial Judge below adopted the findings of the United States Magistrate that the record of proceedings in the Texas State Court affirmatively shows that Wiggington was represented by counsel in No. 5403-B.

These findings are not clearly erroneous; in fact, we believe they are correct. The trial docket entry in No. 5403-B affirmatively discloses that Wigginton was represented by Attorney Fred Harris. Mr. Harris, now Judge Harris, testified in the state habeas proceedings that he had no recollection of representing appellant. The transcript

of proceedings at the time of the entry of the guilty plea, however, shows the following:

"Charles James Wigginton, having been sworn, testified as follows, to wit:

DIRECT EXAMINATION BY MR. HARRIS:

Q. Mr. Wigginton, that is true, is it?

A. Yes.

Q. That is all.

THE COURT: You are pleading guilty to the offense just like the indictments said?

A. Yes sir."

Judge King who accepted the guilty plea in No. 5403–B could not independently recall the case but testified that defendants in his court routinely had counsel on the entry of pleas of guilty.

Under these circumstances, and especially in view of the affirmative showings in the transcript and docket entries that appellant was represented by counsel, the District Court correctly concluded that appellant's petition was without merit.

Affirmed.